**IN THE UNITED STATES DISTRICT COURT**
**For The**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OSCAR ROSADO PAYANO T/A D/B/A<br>ROSADO MINI MARKET # 1,<br>　　　　　　　　　　　　Plaintiff,<br>　　　　　v.<br>UNITED STATES OF AMERICA,<br>　　　　　　　　　　　　Defendant | CASE NO.<br><br>CIVIL ACTION - COMPLAINT |

The Plaintiff, OSCAR ROSADO PAYANO T/A D/B/A ROSADO MINI MARKET # 1, (henceforth referred to as "Plaintiff," or "Rosado" through its undersigned counsel, hereby respectfully files this Complaint against the UNITED STATES OF AMERICA (henceforth referred to as "USDA," "Department," "FNS," "Government," "Defendant" upon the grounds set forth herein, and in support thereof, states as follows:

### THE PARTIES

1.　　　The Plaintiff is OSCAR ROSADO PAYANO an adult individual, who trades & does business as ROSADO MINI MARKET # 1 a fictitious name, located at 5488 Whitby Avenue, Philadelphia, PA  19143.  Plaintiff operates a grocery store dedicated to the retail sale of primarily staple food items to the Plaintiff's customers.

2.　　　The Defendant is the UNITED STATES OF AMERICA, acting through its Agency, the United States Department of Agriculture and its subservice, the Food and Nutrition Service (hereinafter referred to as "FNS").

### JURISDICTION AND VENUE

3.　　　The Plaintiff brings this action based upon his disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7 U.S.C. §§ 2011 – 2036(c).

4.      This Honorable Court has subject matter jurisdiction over the matters raised by the Plaintiff in this case pursuant to 7 U.S.C. §2023, 7 C.F.R. §279.7, as well as the substantive & procedural Due Process Rights protected & guaranteed by the United States Constitution, Amendments thereto, & laws emanating therefrom.  Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

5.      Furthermore, the Plaintiff respectfully avers & submits that the Government's actions have and continue to violate the Plaintiff's substantive & procedural rights to due process guaranteed & protected by the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution, along with applicable statutes & regulations.

6.      Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13), and 28 U.S.C. §1391(b) as this Plaintiff's business is owned and operated in Philadelphia, Philadelphia County, Pennsylvania and because the facts giving rise to the circumstances herein occurred in the United States District Court for the Eastern District of Pennsylvania.

**GENERAL ALLEGATIONS**

7.      The Supplemental Nutrition Assistance Program (SNAP) is a government program operated pursuant to Title 7 United States Code, Chapter 51, and codified more specifically as 7 U.S.C. §§2011-2036(c).

8.      The general purpose of SNAP is to provide food benefits (formerly "food stamps") to program participants who meet the financial need requirements.  SNAP participants are awarded benefits (money) issued on a state-by-state basis in varying amounts based on the

needs of their household.  These benefits are transmitted to, and utilized by the participant through an Electronic Benefits Transfer (EBT) card, which conceptually functions similarly to a debit card.

9.      The benefits are to be used by the participant only for the purchase of food and other eligible items sold by approved SNAP retailers, such as Rosado.

**Factual Background**

10.     Located in Philadelphia, Pennsylvania, Rosado serves a community with a high percentage of households in the Supplemental Nutrition Assistance Program ("SNAP," formerly the "Food Stamp Program").

11.     Accordingly, Rosado began accepting Electronic Benefit Transfers (or "EBT") to better serve the local community and increase its appeal to SNAP customers.  These SNAP customers eventually became a substantial share of the store's total clientele, responsible for a substantial portion of the store's gross revenue on EBT alone.  In addition to EBT, the SNAP clientele accounts for an even larger portion of the gross revenue, as they conduct significant non-SNAP transactions as well for ineligible items.

12.     On January 05, 2026, the USDA, through the FNS, issued a Charge Letter to the Plaintiff wherein the Store was charged by the Defendant for the sale of ineligible items on SNAP.  The Defendant indicated its intent to disqualify or suspend the Plaintiff from participation in the program for six months.

13.     The Defendant sent the Initial Charge letter to the Plaintiff's store by United Parcel Service (UPS) with a tracking number to ensure delivery.

14.     A copy of the Initial Charge Letter with associated documents is attached hereto as Exhibit One.

15.     The Plaintiff denied the allegations and through the undesigned counsel sent a letter to the government on January 16, 2026.  A copy of the correspondence with accompanying e-mail to the government is attached hereto as Exhibit Two:  N.B.:  that the e-mail identifies four attachments:  (i) designation of attorney form; (ii) neighborhood petition, signed by Rosado's neighbors in support of the store; (iii) proof of UPS delivery of the Government's Initial Charge Letter to Rosado; & (iv) the Reply to the Initial Charge Letter.

16.     On January 20, 2026, the Government sent an e-mail acknowledging receipt of the e-mail, but stating that there were no attachments.  Cf. Exhibit Three at pages two & three.  Thus, a second e-mail with the attachments was sent to the Government; & the Government confirmed receipt.  See Exhibit Three.

17.     Suddenly, on February 27, 2026, Mr. Rosado discovered that the Government cut off his ability to process EBT payments.

18.     That is when the undersigned first learned that on February 04, 2026, the Government had sent a correspondence confirming the six-month disqualification.

19.     That correspondence was sent by email only to the undersigned.

20.     Admittedly, that correspondence got lost in my email.

21.     Plaintiff Rosado was not included in the e-mail.

22.     A paper copy of that correspondence was not sent to the Plaintiff's store or to the undersigned's office, as required.

23.     There have already been issues with email communications between the Government & the undersigned.

24.     The purpose of sending a paper copy of these types of correspondences by UPS or other overnight delivery service with tracking number is to inform the Store & its representative

as quickly as possible (as a back-up) of the Government's adverse actions, given that the ten – day deadlines are so short.

25.     The Government failed to notify the Plaintiff of its intended actions, in violation of Plaintiff's Due Process Rights.

26.     The first notice the Plaintiff received of the Government's actions was when the Government suddenly cut off the EBT by February 27, 2026.

27.     A copy of the February 04, 2026 correspondence with the email is attached hereto as Exhibit Four.

28.     That letter indicates that the store has ten (10) days to seek Administrative Review.  That deadline would have elapsed on February 14, 2026.

29.     Had the Plaintiff &/or the undersigned known of the Government's position stated in its February 04, 2026 correspondence, the Plaintiff and/or the undersigned would have taken the appropriate action.

30.     Again, until February 27, 2026, neither Plaintiff nor the undersigned had notice of the government's decision, the impending deadline, and the Government's intended action.

31.     That same night, on February 27, 2026, the undersigned sent an Administrative Review Request to the Government, which is incorporated by reference as though set forth more fully at length herein.

32.     That correspondence noted that Plaintiff Rosado did not receive a copy of the determination letter:  because the Government did not send a determination letter to the Plaintiff as required.

33.    That correspondence also noted that the government's actions violate the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution along with applicable statutes & regulations.

34.    That correspondence, like the reply to the initial charge letter notes that the Plaintiff is entitled to an evidentiary hearing, where the must present evidence that the Plaintiff accepted EBT benefits for non-qualified products, which the government has denied and continues to deny: 'Sentence first – verdict afterwards'.

35.    A copy of the February 27, 2026 correspondence with email is attached hereto as Exhibit Five.

36.    On March 04, 2026, the government sent its final correspondence denying Administrative Review.  A copy of the correspondence with e-mail is attached hereto as Exhibit Six.

37.    Notably, for the first time, the Government included the Plaintiff in this email: rossyrodriguez0885@gmail.com.

38.    The Plaintiff remains unable to process EBT benefits & seeks judicial review of the Government's actions & omissions.

39.    The Plaintiffs takes issue not only with the Government's position that any violations of SNAP retailer policies had occurred, but also with whether or not he was neglectful or careless in his operation of the store and oversight of the employees.

40.    This Judicial Appeal has been filed timely (within thirty days of the Government's most recent adverse action) and seeks the reversal of the USDA's current decision to disqualify the Plaintiff for six (6) months from participating as a SNAP retailer.

### SNAP Violation Regulations and Policies

41.     SNAP retailers are governed by the Defendant through 7 C.F.R. §278.6, which sets out the guidelines for disqualification or suspension of retailers who violate SNAP regulations and to some degree, defines what those violations are.

42.     In pertinent part, and relied upon by the Defendant in issuing the suspension in this case, is §278.6(5) and (6):

> "[The Department may] disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management."
>
> 7 U.S.C. §278.6(5) (2009) (emphasis added).

43.     The regulation clearly draws a line between violations that result from an employee's malicious or incidental mistakes that occur despite reasonable efforts and oversight from ownership/management and those that result from the poor handling of the company and its employees by the management/ownership.  Effectively, the regulation seeks only to sanction those stores where the ownership or management has created an environment to permit violations to fester or occur uninhibited.

44.     In this instant action, the Defendant has alleged that the Plaintiff committed transactions that amount to the selling of ineligible common non-food items (also referred to as "minor ineligible items") in EBT transactions.  Such allegations were based upon unsworn statements of an unidentified investigator.

45.    In all, the Charge Letter claims that the Plaintiff allegedly sold different ineligible items to the Investigator, who is a third-party contractor for the Food and Nutrition Service, United States Department of Agriculture.

46.    Notably, neither the Charge Letter (which instituted the Agency action) nor the proceedings before the Administrative Review Office offered any evidence or allegation that the store's ownership or management was careless or neglectful in their supervision and operation of the store, nor was evidence provided showing such shortcomings in the oversight of the employees.

47.    The store, in fact, did oversee its employees and provide SNAP training.

48.    At no time was the store owner or manager neglectful or careless in the operation of the store.

49.    As such, the determination that neglect or carelessness on the part of the management/ownership existed was without evidence of support and ultimately based on either insufficient information or arbitrary standards.

**Issuance of Hardship Civil Money Penalties**

50.    With respect to the issuance of Civil Money Penalties in lieu of suspensions, 7 U.S.C. §278.6 permits the Department to issue a hardship civil money penalty.  As noted by the District of Oregon in Plaid Pantry Stores, Inc. vs. U.S., 612 F.Supp. 680, 684 (D. Oregon 1985) in drafting the Food Stamp Act and the statutes upon which the Defendant now operates and under which this case arises, "Congress believed that civil money penalties should be the normal penalty instead of disqualification."

51.     Nevertheless, it appears that the Agency did not evaluate that option in this matter, nor did it consider a warning letter as provided under 7 C.F.R. §278.6(e)(7), where the violations were too limited to warrant further agency action.

## Count I: Request for Judicial Review

52.     The Plaintiff respectfully incorporates and restates each and every paragraph set forth above as though fully set forth herein.

53.     The Plaintiff, pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7, has the right to and hereby does, request a trial de novo judicial review of the six (6) month Disqualification or Suspension issued by the Defendant against the Plaintiff.

54.     The administrative processes (or lack thereof) & administrative decision, erroneously found that the Plaintiff had committed SNAP regulation violations due to accepting SNAP benefits in exchange for "common ineligible non-food items."

55.     The store denies that the transactions occurred as described by the Agency.

56.     Furthermore, the Government incorrectly determined that the store's ownership and/or management was careless or neglectful in its operation of the firm and oversight of the clerks.

57.     The Plaintiff's management and ownership have been diligent in operating the store and overseeing employees.

58.     Even if the transactions had occurred as described by the Defendant, they were in no way the result of ownership of managerial carelessness or neglect:  the store is thorough and careful in its training, but cannot be omniscient or omnipresent for every transaction.

59.     Both the finding of a sale of ineligible items and that such sale was the result of managerial or ownership neglect or carelessness were erroneous and warrant reversal.

60.     Furthermore, the Plaintiff have never been afforded an opportunity to cross-examine the third-party investigator, nor have they been permitted to review the Administrative Record and respond to the allegations and evidence set forth therein.

61.     As such, the Defendant, acting through its department and sub-departments in the USDA, improperly and impermissibly disqualified & suspended the Plaintiff from participation in SNAP for six (6) months.

62.     Therefore, the six (6) month disqualification against the Plaintiff should be set aside by this Court in favor of the issuance of a warning letter, and the Plaintiff's status as an approved SNAP retailer should be reinstated.

WHEREFORE, the Plaintiff, OSCAR ROSADO PAYANO t/a d/b/a ROSADO MINI MARKET # 1, respectfully requests that this Honorable Court conduct a Judicial Review of the Defendant's six (6) month disqualification of the Plaintiff and subsequently enter Judgment against the Defendant for improperly disqualifying the Plaintiff for six (6) months, as well as awarding the Plaintiff the attorney's fees and costs incurred in this action, and for such further relief as may be warranted based on the facts, the law, equity, and the circumstances.

### Count II: Arbitrary and Capricious Sanction

63.     The Plaintiff respectfully incorporates and restates the above paragraphs as though more fully set forth herein.

64.     The Defendant has issued a series of internal policies which, in pertinent part, are designed to outline the system of punishments and sanctions for violations of the SNAP program by authorized retailers.

65.    The policies themselves draw arbitrary lines between numbers of ineligible items and transactions, which fail to take into consideration the volume of visits made by an investigator or a confidential informant.

66.    In any case, the Defendant lacked substantial evidence to indicate that the alleged violations arose to the level of carelessness and/or poor supervision on the part of the Plaintiff, which would indicate a failure at the managerial level to supervise employees as required under the applicable regulations to support a six (6) month disqualification.

67.    As such, the transactions qualify as inadvertent in nature, and given the other evidence in the administrative record, the Defendant's internal policies required a warning letter to be issued rather than a disqualification or suspension.

WHEREFORE, the Plaintiff, OSCAR ROSADO PAYANO t/a d/b/a ROSADO MINI MARKET # 1, respectfully requests that this Honorable Court set aside the Defendant's Disqualification or Suspension of the Plaintiff from participating in the SNAP program, as well as award the Plaintiff's attorney's fees and costs incurred in this action, and for such further relief as may be warranted based on the facts, the law, equity, and the circumstances.

**Count III: In the Alternative, Judicial Review of Denial of Civil Money Penalty**

68.    The Plaintiff respectfully incorporates and restates the above paragraphs as if more fully set forth herein.

69.    The Plaintiff timely requested the Department to issue a Hardship Civil Money Penalty in lieu of a six (6) month disqualification, as the impact on the local community would be significant in the absence of Rosado's ability to accept EBT.

70.    On information & belief, the Defendant subsequently denied the request, leaving the matter for Judicial Review pursuant to 7 U.S.C. §2023.

71.     Review of the Defendant's decision to issue (or decline) a civil money penalty is subject to de novo judicial review so that the Court has the opportunity to evaluate the evidence independently.  See <u>Affum v. U.S.</u>, 566 F.3d 1150, 1160 (D.C. Cir. 2009).

72.     As such, the Plaintiff respectfully requests that this Honorable Court review their request for the issuance of a hardship civil money penalty as permitted by law and to issue said penalty if it is found to be appropriate, instead of any sanction resulting from the Court's decision in Count I of this Complaint.

WHEREFORE, the Plaintiff, OSCAR ROSADO PAYANO t/a d/b/a ROSADO MINI MARKET # 1 respectfully requests that this Honorable Court enter Judgment reversing the Defendant's decision not to issue a hardship civil money penalty and instead instruct the Defendant to issue such penalty in the event a Disqualification or Suspension is upheld under Count I, as well as awarding the Plaintiff attorney's fees and costs incurred in this action, and for such further relief as may be warranted based on the facts, the law, equity, and the circumstances.

**Count IV: In the Alternative, Request to Remand for an Administrative Review**

73.     The Plaintiff respectfully incorporates and restates the above paragraphs as if more fully set forth herein.

74.     Given the factual & procedural occurrences, the Government was required to accept the Request for Administrative Review nunc pro tunc.

75.     The Plaintiff respectfully submits & avers that the Government's actions & omissions as described more fully herein as well as may be determined through discovery, constitute a violation and/or a series of violations of the procedural requirements and regulations as well as the Plaintiff's rights to substantive & procedural due process rights guaranteed &

protected by the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution along with applicable statutes & regulations, among others.

WHEREFORE, the Plaintiff, OSCAR ROSADO PAYANO t/a d/b/a ROSADO MINI MARKET # 1 respectfully requests that this Honorable Court enter Judgment reversing the Defendant's decision not to proceed with an Administrative Review and compel the Government to conduct an Administrative Review, and issue a Final Agency Decision based on the facts & the law, as well as awarding the Plaintiff attorney's fees and costs incurred in this action, and for such further relief as may be warranted based on the facts, the law, equity, and the circumstances.

### Count V:  Request for an Order to Reinstate the Plaintiff's Ability to Process EBT & to Stay the Six-Month Disqualification pending this Litigation

76.     The Plaintiff respectfully incorporates and restates the above paragraphs as if more fully set forth herein.

77.     The Plaintiff respectfully submits & avers that the Government's actions & omissions as described more fully herein as well as may be determined through discovery, constitute a violation and/or a series of violations of the procedural requirements and regulations as well as the Plaintiff's rights to substantive & procedural due process rights guaranteed & protected by the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution along with applicable statutes & regulations, among others.

78.     As a result of the Government's actions & omissions described herein, and through no fault of his own, the Plaintiff is losing income daily.

79.     Plaintiff respectfully requests that while this Action is pending the Government reinstate his ability to process EBT transactions and stay any disqualification.

WHEREFORE, the Plaintiff, OSCAR ROSADO PAYANO t/a d/b/a ROSADO MINI MARKET # 1 respectfully requests that this Honorable Court enter an Order compelling the Government to reinstate the Plaintiff's ability to process EBT transactions and stay any disqualification pending the final outcome of this dispute, as well as awarding the Plaintiff attorney's fees and costs incurred in this action, and for such further relief as may be warranted based on the facts, the law, equity, and the circumstances.

This matter has been respectfully submitted to the Court by the undersigned attorney and shall be served upon the Defendant in the manner prescribed by the Federal Rules of Civil Procedure, 7 C.F.R. §279 and 7 U.S.C. §2023, as will be evidenced by the proof of service filed with the Court hereafter.

Dated:  March 06, 2026                     Respectfully submitted,

*Joseph Vaccaro*

JOSEPH VACCARO, Esq.
PA Attorney ID: 83366
541 E. LANDIS AVENUE
VINELAND, NJ 08360

Tel.:              (215) 527-0887
E-Mail:          VACCAROESQ66@GMAIL.COM

Counsel for Plaintiff

**EXHIBIT ONE**

January 05, 2026

 **United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

Oscar Rosado Payano
Rosado Mini Market #1
5458 Whitby Ave
Philadelphia, PA 19143-4136

RE: Rosado Mini Market #1
5458 Whitby Ave
Philadelphia, PA 19143-4136

Dear SNAP Retailer:

The United States Department of Agriculture (USDA), Food and Nutrition Service (FNS),
investigated your store and found that violation(s) of the Supplemental Nutrition Assistance
Program (SNAP) provision(s) occurred under your ownership.

You are being charged with the following:

**Charge**

| | |
|---|---|
| **Violation:** | **Accepting SNAP benefits in exchange for ineligible items.** |
| | Regulatory Provision: <u>7 CFR 278.2(a)</u> and <u>7 CFR 271.2</u> |
| Exhibit A: | Accepting SNAP benefits for: common ineligible items |

A copy of the report is enclosed. The name(s) of the person(s) who conducted the investigation
have been removed.

**Applicable Penalty/Penalties**

| | |
|---|---|
| **Disqualification:** | **6 months** |
| | Regulatory Authority: <u>7 CFR 278.6(e)(5)</u> |

Civil or criminal action may also be taken against you by the United States Attorney.

Your store is not eligible to pay a Hardship Civil Money Penalty under SNAP regulation <u>7 CFR
278.6(f)(1)</u> instead of being disqualified because FNS has determined that the disqualification will
not cause hardship to SNAP households.

**Replying to the Charges**

**Due 10 Calendar Days from the Date This Letter was Delivered.**
If you wish to present any information, explanation, or evidence you have regarding these
charges, you must reply within 10 calendar days in accordance with SNAP regulation <u>7 CFR
278.6(b)(1)</u>. FNS cannot advise you on what information or documentation to submit. Any
documentation you submit becomes the property of FNS and will not be returned.

**Requesting an Extension:**
You may have up to 30 extra days to send us information, explanations, or evidence about the violations if you request an extension within 10 days of the delivery of this letter.

**How to Reply**
You may reply either by phone or in writing.

**By Phone:**
You will need to make an appointment by calling Gabrielle Magee, in the Office of Retailer Operations and Compliance at (713) 887-4958.

If you schedule a call but fail to keep the appointment, FNS will consider that failure to be a non-response to the charges.

**By Email:**
Please send your response and any documentation by email to: Gabrielle.Magee@usda.gov.

If you prefer to send your response and documentation by mail, please call your point of contact above for the appropriate mailing address.

**Determination**
FNS will fully consider your reply and any information, evidence, explanation(s) that you provide before making a determination in this matter in accordance with SNAP regulations 7 CFR 278.6(c)-(d).

If FNS does not hear from you within 10 calendar days from the date this letter was delivered, a determination will be made based on the information available. Once a determination is made, FNS will inform you of the determination in writing.

The violations and penalties noted in this letter also apply to transactions involving Pandemic Electronic Benefit Transfer (P-EBT) and Summer Electronic Benefit Transfer (Summer EBT) benefits. Please see the enclosure for the P-EBT and Summer EBT regulations that correspond to applicable SNAP regulations.

Sincerely,

Kevin Hobbs
Section Chief
Office of Retailer Operations and Compliance
USDA, Food and Nutrition Service

*Enclosures*

## Sensitive but Unclassified (SBU) Information

### USDA - FNS
### REPORT OF POSITIVE INVESTIGATION

| STORE NAME AND ADDRESS | CASE IDENTIFICATION NUMBER | DATE |
|---|---|---|
| Rosado Mini Market<br><br>5458 Whitby Ave<br><br>Philadelphia, PA   19143 | *Redacted | 9/18/2025 |

____1____ Investigator(s) and ___0___ Confidential Informant(s) made ___3___ visit(s) to the subject store during the period __8/23/2025__ through __9/10/2025__ . On ___1___ visits, violations of the Supplemental Nutrition Assistance Program (SNAP) regulations occurred. Details of each transaction are attached.

Number of Surveillance Visit(s)    __0__          Number of Client Interview(s)    __0__

**REMARKS:**

CERTIFICATION:

This report consists of 3 exhibit(s) letter(s) A to C totaling 7 pages. The facts stated in this declaration are true to my knowledge. If I am called to testify as a witness in any proceeding, I am competent to testify to the matters stated herein. Further declarant sayeth not. I declare under penalty of perjury the foregoing is true and correct.

SIGNATURE OF INVESTIGATOR

*Redacted

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).
**FORM FNS-413 (PAGE 1 OF 7) - (7-98) PREVIOUS EDITIONS OBSOLETE.**

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted 08/23/2025 | EXHIBIT A RESULT: P |
|---|---|---|

### CLERK INFORMATION

| SEX | AGE | HEIGHT | WEIGHT | HAIR | OTHER IDENTIFIERS |
|---|---|---|---|---|---|
| M | 40-45 | 5'10" - 6'1" | 300 - 310 | Black | None |

| Identification During Transaction as: (Name) | (Title, Relationship to Owner): | Means of Identification: |
|---|---|---|
| Unknown | Unknown | None |

### EBT BENEFITS ISSUED, USED AND RETURNED:

| EBT Card Number | Issued Value | Used Value | Returned Value |
|---|---|---|---|
| *Redacted | $1085.53 | $12.06 | $1073.47 |
|  |  |  |  |

| EBT RECEIPT: Y | CASH REGISTER RECEIPT: N | SALES TAX CHARGED: N/A | AMOUNT CHARGED: N/A |
|---|---|---|---|

| AMOUNT OF PURCHASE [if known] | BENEFITS TRAFFICKED [if applicable] | CASH RECEIVED [if applicable] |
|---|---|---|
| $12.06 | N/A | N/A |

### MERCHANDISE RECEIVED [if applicable]:

| QUANTITY | DESCRIPTION OF ITEM | TYPE | PRICE |
|---|---|---|---|
| 1 | Bottle of Fabuloso ANTIBACTERIAL MULTI-PURPOSE CLEANER (16.9 FL OZ) | I | 2.29 |
| 1 | Package of Comet Heavy Duty Scrub Sponge (1 count) | I | 1.29 |
| 1 | Box of tea bags | E | 4.19 |
| 1 | Bottle of honey | E | NPI |

NPI - NO PRICE INDICATED OR ILLEGIBLE          TYPE:    E - ELIGIBLE, I - INELIGIBLE, M - MAJOR INELIGIBLE, R - REFUSAL, C - CREDIT, F - FREE / NO CHARGE

TRAFFICKING CASH DATA [if applicable]:

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted 08/23/2025 | EXHIBIT A RESULT: P |
|---|---|---|

**DETAILS OF TRANSACTION/VISIT :**

I, *Redacted, Investigator, Contractor for the Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

I entered the subject store on the above date at or about 12:56 p.m. and began shopping. The store was small, but well-stocked with food and non-food items. Security cameras were observed above the register, grocery aisles, and the kitchen area. Non-food items were behind the counter. I grabbed my items and waited in line. Once the customer ahead of me left the counter, I walked the Register and set my items down in front of the clerk. I presented my EBT card to the clerk. He rang up the food and non-food items, mentioning nothing about me purchasing the non-food items with my EBT card. The clerk noticed my EBT card and asked me if I was paying with my EBT card. I confirmed. He mentioned nothing further about me purchasing the non-food items. I swiped my EBT card and entered my PIN. The clerk completed the transaction for the food and non-food items. The clerk put the items in a bag and handed me the receipt. I thanked him. I grabbed the bag of items, and I departed the subject store at or about 1:02 p.m.

Upon review of the receipt, I noticed that the store name on the receipt, "Rosado Mini Market #1" does not match the provided store name of "Rosado Mini Market."

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).
FORM FNS-413 (PAGE 2 OF 7) - (7-98) PREVIOUS EDITIONS OBSOLETE.

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| **INVESTIGATIVE TRANSACTION REPORT** | *Redacted 08/25/2025 | EXHIBIT B RESULT: N |
|---|---|---|

### CLERK INFORMATION

| SEX | AGE | HEIGHT | WEIGHT | HAIR | OTHER IDENTIFIERS |
|---|---|---|---|---|---|
| M | 40-45 | 5'10" - 6'1" | 300 - 310 | Black | None |

| Identification During Transaction as: (Name) | (Title, Relationship to Owner): | Means of Identification: |
|---|---|---|
| Unknown | Unknown | None |

### EBT BENEFITS ISSUED, USED AND RETURNED:

| EBT Card Number | Issued Value | Used Value | Returned Value |
|---|---|---|---|
| *Redacted | $1011.71 | $6.69 | $1005.02 |
|  |  |  |  |

| EBT RECEIPT: Y | CASH REGISTER RECEIPT: N | SALES TAX CHARGED: N | AMOUNT CHARGED: $0.00 |
|---|---|---|---|

| AMOUNT OF PURCHASE [if known] | BENEFITS TRAFFICKED [if applicable] | CASH RECEIVED [if applicable] |
|---|---|---|
| $6.69 | N/A | N/A |

### MERCHANDISE RECEIVED [if applicable]:

| QUANTITY | DESCRIPTION OF ITEM | TYPE | PRICE |
|---|---|---|---|
| 1 | Container of drink mix | E | 6.69 |
| 1 | Box of dryer sheets | R |  |
| 1 | Bottle of laundry detergent | R |  |

NPI - NO PRICE INDICATED OR ILLEGIBLE          TYPE:    E - ELIGIBLE, I - INELIGIBLE, M - MAJOR INELIGIBLE, R - REFUSAL, C - CREDIT, F - FREE / NO CHARGE

TRAFFICKING CASH DATA [if applicable]:

US DEPARTMENT OF AGRICULTURE – FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted<br>08/25/2025 | EXHIBIT B<br>RESULT: N |
|---|---|---|

**DETAILS OF TRANSACTION/VISIT :**

I, *Redacted, Investigator, Contractor for the Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

I entered the subject store on the above date at or about 12:17 p.m. and began shopping. I grabbed my items and waited in line. Once the customer had left the counter, I walked to the register and set my items down in front of the clerk. I presented my EBT card to the clerk. He told me that he did not want to get in trouble, so he could not sell me the non food items. I said okay, and he set the non-food items on the shelf behind the counter. He rang up the food item and did not tell me my total. I swiped my EBT card and entered my PIN. The clerk completed the transaction for the food item. He placed the food item in the bag and handed me the receipt. I asked him if he could point out my balance on the receipt. He read my balance aloud, and I thanked him. I grabbed the bagged food item, and I departed the subject store at or about 12:21 p.m.

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted 09/10/2025 | EXHIBIT  C RESULT: N |
| --- | --- | --- |

## CLERK INFORMATION

| SEX | AGE | HEIGHT | WEIGHT | HAIR | OTHER IDENTIFIERS |
| --- | --- | --- | --- | --- | --- |
| M | 40-45 | 5'9" - 6' | 140 - 150 | Black | None |

| Identification During Transaction as: (Name) | (Title, Relationship to Owner): | Means of Identification: |
| --- | --- | --- |
| Unknown | Unknown | None |

## EBT BENEFITS ISSUED, USED AND RETURNED:

| EBT Card Number | Issued Value | Used Value | Returned Value |
| --- | --- | --- | --- |
| *Redacted | $868.22 | $11.19 | $857.03 |
| | | | |

| EBT RECEIPT: Y | CASH REGISTER RECEIPT: N | SALES TAX CHARGED: N/A | AMOUNT CHARGED: $0.00 |
| --- | --- | --- | --- |

| AMOUNT OF PURCHASE [if known] | BENEFITS TRAFFICKED [if applicable] | CASH RECEIVED [if applicable] |
| --- | --- | --- |
| $11.19 | N | N/A |

## MERCHANDISE RECEIVED [if applicable]:

| QUANTITY | DESCRIPTION OF ITEM | TYPE | PRICE |
| --- | --- | --- | --- |
| 1 | Bottle of chocolate syrup | E | 5.99 |
| 1 | Box of instant oatmeal | E | 5.19 |
| 2 | Packages of air fresheners | R | |
| | Cash | R | |

NPI - NO PRICE INDICATED OR ILLEGIBLE          TYPE:     E - ELIGIBLE, I - INELIGIBLE, M - MAJOR INELIGIBLE, R - REFUSAL, C - CREDIT, F - FREE / NO CHARGE

| TRAFFICKING CASH DATA [if applicable]: |
| --- |
| |

*Redacted - MATERIAL DELETED PURSUANT TO 5 U.S.C SECTION 552(b) (6) and 552(b) (7) (C).
**FORM FNS-413 (PAGE 7 OF 7) - (7-98) PREVIOUS EDITIONS OBSOLETE.**

US DEPARTMENT OF AGRICULTURE - FOOD AND NUTRITION SERVICE

| INVESTIGATIVE TRANSACTION REPORT | *Redacted 09/10/2025 | EXHIBIT C RESULT: N |
|---|---|---|

**DETAILS OF TRANSACTION/VISIT :**

I, *Redacted, Investigator, Contractor for the Food and Nutrition Service, United States Department of Agriculture, make the following statement freely and voluntarily, knowing that this statement may be used in evidence.

I entered the subject store on the above date at or about 10:41 a.m. and began shopping. I grabbed my items, walked to the register, and set them down on the counter in front of the clerk. I presented my EBT card to the clerk. I asked him for the two non-food items behind the counter. The clerk told me that I had to pay for the non-food items separately. I told the clerk I only had my EBT card, so I would have to go home and get cash. He rang up the food items and didn't tell me my total. I swiped my EBT card and entered my PIN while he put the food items in a bag. The transaction was completed by the clerk for the food items. He handed me the receipt. I asked the clerk for $20 off my EBT card. He declined. I thanked him anyway. I grabbed the bag of food items, and i departed the subject store at or about 10:44 a.m.

Upon review of the receipt, I noticed the clerk charged $0.01 more than the total marked purchase price of $11.18.

 **United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

## IMPORTANT INFORMATION
## Supplemental Nutrition Assistance Program (SNAP)
## Disqualification

### Representation by a Third Party:
While it is not required, you may have an attorney or another third party assist you with your reply.

If you will be represented by an attorney or another third party, you must provide a *Letter of Representation* that you, as the store owner, must sign, authorizing FNS to communicate with your representative.

### WIC Vendors:
If you are an authorized vendor under the Special Supplemental Nutrition Program for Women, Infants, and Children (WIC), you may be disqualified from the WIC Program as a result of your SNAP sanction. You will not have administrative or judicial appeal rights for the WIC disqualification in accordance with WIC regulation 7 CFR 246.12(l)(1)(vii).

### Failing to Pay a Civil Money Penalty (CMP)
If your penalty is determined to be a CMP, but you do not pay it by the due date, the applicable period of disqualification indicated in the charge letter will go into effect the day after the CMP was due.

### Selling or Transferring Ownership of Your Store:
If you are disqualified from SNAP and you sell or transfer ownership of your store during the disqualification period, you will be subject to and liable for a transfer of ownership CMP as provided by SNAP regulations 7 CFR 278.6(f)(2), (3), and (4). The amount of this CMP will be calculated based on SNAP regulations 7 CFR 278.6(g).

### Disclosing the Violation:
After the timeframe for all appeals has expired, FNS may publicly disclose information about your store if it is disqualified or otherwise sanctioned for SNAP violations. FNS will share the name and address of the store, the owner(s)/officer(s) names, and information about the sanction. SNAP regulations 7 CFR 278.1(q)(5)https://www.ecfr.gov/current/title-7/part-278 explain when and what information FNS may disclose to the public.

### Additional Resources:
Current SNAP regulations are available at: www.ecfr.gov/current/title-7/subtitle-B/chapter-II/subchapter-C.

SNAP retailer training resources are available at: https://www.fns.usda.gov/snap/retailer/training.



**United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

## Pandemic-EBT (P-EBT) and Summer EBT
## Regulatory Crosswalk

The following crosswalk summarizes the provisions of P-EBT at 7 CFR 284.1 and Summer EBT regulations at 7 CFR 292.17 and 292.1. To determine which P-EBT and Summer EBT citations are applicable, see the SNAP regulation(s) cited in the charge letter and find them in the first column below. The left column lists the citation for each SNAP integrity regulation, the center column summarizes the effect of the provision, and the right column is a crosswalk to the parallel P-EBT and Summer EBT integrity regulations.

| 7 CFR SNAP Regulations | Summary | Corresponding 7 CFR P-EBT and Summer EBT Regulations |
|---|---|---|
| n/a | background on P-EBT and S-EBT and the functions of this section | 284.1(a) 292.17(a), 292.1(a), and 292.1(b) |
| 271.2 | definition of trafficking applies to activities described in such definition involving P-EBT and S-EBT benefits | 284.1(b)(1) 292.17(c)(1) 292.2(1) |
| 271.2 | definition of firm's practice applies to activities described in such definition involving P-EBT and S-EBT benefits | 284.1(b)(2) 292.17(a) |
| n/a | definition of involving P-EBT benefits or involve PEBT benefits means activities involving P-EBT and S-EBT benefits as well as SNAP benefits, or only P-EBT or S-EBT benefits | 284.1(b)(3) 292.17(a) |
| 278.2, 278.3, and 278.4 | requirements and restrictions on the participation of retail food stores and wholesale food concerns and the redemption of coupons apply to activities involving P-EBT and S-EBT benefits, including the restriction that P-EBT and S-EBT benefits may only be accepted by an authorized firm and only in exchange for eligible food | 284.1(c) 292.17(a) |
| 278.1 | a firm may be subject to denial or withdrawal for any violations involving P-EBT and S-EBT benefits as specified in the subparagraphs | 284.1(d) 292.17(b)(2) |

| 7 CFR SNAP Regulations | Summary | Corresponding 7 CFR P-EBT and Summer EBT Regulations |
|---|---|---|
| 278.1(b)(4) | firms with certain sanctions for violations involving P-EBT and S-EBT benefits must submit a collateral bond or irrevocable letter or credit as a condition of authorization; the calculation of the value of such collateral bonds or irrevocable letters or credit shall also include the amount of P-EBT and S-EBT redemptions | 284.1(d)(1) 292.17(b)(1) |
| 278.1(b)(3), 278.1(k)(3), 278.1(k)(6), and 278.1(l)(1)(iv) | authorization will be denied or withdrawn for activities indicating a lack of necessary business integrity and reputation, including activities involving P-EBT and S-EBT benefits | 284.1(d)(2) 292.17(b)(2) |
| 7 CFR 278.1(k)(7), 278.1(l)(1)(v), and 278.1(l)(1)(vi) | authorization will be denied or withdrawn for failure to pay fines, penalties, and claims imposed for violations involving P-EBT and S-EBT benefits | 284.1(d)(3) 292.17 (b)(3) |
| 7 CFR 278.6 | a firm may be subject to disqualification, monetary penalties, and/or fines for any violations that include activities involving P-EBT and S-EBT benefits as specified in the subparagraphs | 284.1(e) 292.17(c) |
| 278.6(e)(1)(i) and 278.6(i) | permanent disqualification or civil monetary penalty in lieu of permanent disqualification for trafficking applies to trafficking that involves PEBT and SEBT benefits | 284.1(e)(1) 292.17(c)(1) |
| 278.6(e)(1)(ii) | permanent disqualification for violations involving P-EBT and S-EBT benefits, such as the sale of ineligible items, when the firm had already been sanctioned at least twice | 284.1(e)(2) 292.17(c)(2) |
| 278.6(e)(2)(v), 278.6(e)(3)(iv), and 278.6(m) | sanctions for unauthorized acceptance apply to transactions involving P-EBT and S-EBT benefits | 284.1(e)(3) 292.17(c)(3) |
| 278.6(e)(2)(ii), 278.6(e)(2)(iii), and 278.6(e)(2)(iv) | 5-year disqualification for certain firms when collective redemptions exceed food sales in a certain time period; the amount of redemptions shall also include the amount of P-EBT and S-EBT redemptions | 284.1(e)(4) 292.17(c)(4) |

| 7 CFR SNAP Regulations | Summary | Corresponding 7 CFR P-EBT and Summer EBT Regulations |
|---|---|---|
| 278.6(e)(3)(ii) | 3-year disqualification for any of the violations described in paragraph 278.6(e)(2) when FNS had not previously advised the firm of the possibility that violations were occurring and of the possible consequences of violating the regulations, when those violations involve P-EBT and S-EBT benefits | 284.1(e)(5) 292.17(c)(5) |
| 278.6(e)(4)(ii) and 278.2(f) | 1-year disqualification for transactions involving PEBT and SEBT benefits where retailer accepted benefits in payment for items sold on credit | 284.1(e)(6) 292.17(c)(6) |
| 278.6(e)(2)(i), 278.6(e)(3)(i), 278.6(e)(4)(i), and 278.6(e)(5) | disqualifications for sale of ineligible foods applies to transactions involving P-EBT and S-EBT benefits | 284.1(e)(7) 292.17(c)(7) |
| 278.6(e)(6) | periods of disqualification imposed against firms will be doubled when such firms have been sanctioned for committing violations involving PEBT and SEBT benefits | 284.1(e)(8) 292.17(c)(8) |
| 278.6(e)(7) | warning letters shall be issued to firms when such firms commit violations involving P-EBT and S-EBT benefits, which are too limited to warrant a period of disqualification | 284.1(e)(9) 292.17(c)(9) |
| 278.6(g) | calculation of hardship and transfer of ownership civil money penalties includes consideration of the firm's average monthly redemption of P-EBT and S-EBT benefits | 284.1(e)(10) 292.17(c)(10) |
| 278.6(j) | calculation of trafficking civil money penalties includes consideration of the firm's average monthly redemption of P-EBT and S-EBT benefits | 284.1(e)(11) 292.17(c)(11) |
| 278.7 | standards regarding the determination and disposition of claims apply to claims based on PEBT and S-EBT benefits | |
| 279 | firms aggrieved by administrative action under §284.1(d), (e), and (f) and 292.17 (b), (c), and (f) may request administrative review in accordance with Part 279 Subpart A. Firms aggrieved by the determination of such an administrative review may seek judicial review under 5 U.S.C. §§ 702 through 706. | 284.1(g) 292.17(e) |

**Extremely Urgent**

Visit UPS.com

**Apply shipping documents on this side.**

Scan QR code to
schedule a pickup

### Domestic Shipments
- To qualify for the letter rate, UPS Express® envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

### International Shipments
- The UPS Express envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/import/export to verify if your shipment is classified as a document.
- To qualify for the letter rate, the UPS Express envelope must weigh 8 oz. or less. UPS express envelopes weighing more than 8 oz. will be billed by weight.

**Note:** UPS Express envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash or cash equivalent.

## Window Envelope

Use this envelope with shipping documents printed from a laser or inkjet shipping document.

Plain paper: Insert ow from the top.

This envelope is for use with the following service

Do not use this envelope for

https://www.campusship.ups.com/cship/create?ActionOriginPair=default___PrintWindowPage&key=labelWindow&type

---

GABRIELLE MAGEE
FNS/NO/ROC
1320 BRADDOCK PLACE
ALEXANDRIA VA 22314

**LTR**          1 OF 1

**SHIP TO:**
OSCAR ROSADO PAYANO
ROSADO MINI MARKET #1
5458 WHITBY AVE
**PHILADELPHIA PA 19143-4136**

**PA 191 9-60**

**UPS NEXT DAY AIR**          1
TRACKING #: 1Z E07 957 24 9963 7791

BILLING: P/P
DIRECT DELIVERY ONLY
SIGNATURE REQUIRED



Find Closest UPS Location ⌄



Shipping ⌄

Tracking ⌄

Products & Services ⌄

The UPS Store ⌄

Your shipment
**1ZE079572499637791**
⊘ Delivered On
**Friday, January 09 at 10:17 A.M. to the Receiver**

**Delivered To**
PHILADELPHIA, PA US

**Received By:**
ROSADO

Proof of Delivery ›

✓ **Label Created**
United States
01/07/2026, 2:50 P.M.

✓ **Dropped off at UPS Access Point by Customer**
Houston, TX, United States
01/08/2026, 4:50 P.M.

✓ **We Have Your Package**
Houston, TX, United States
01/08/2026, 7:47 P.M.

✓ **On the Way**
Philadelphia, PA, United States
01/09/2026, 7:40 A.M.

✓ **Out for Delivery**
Philadelphia, PA, United States
01/09/2026, 9:33 A.M.

⊘ **Delivered**
PHILADELPHIA, PA, US
01/09/2026, 10:17 A.M.

View All Shipping Details ›

**Get Answers Fast**
If you need help, use the Virtual Assistant. Still stuck? Try our Tracking Support for more specific guidance.

File a Claim

**Track Another Package**

Track



UPS Assistant    ⟳  —  ✕

3:58 PM
I'm the UPS Virtual Assistant.
I see you tracked 1ZE079572499637791.
These topics may help or type a question:

Delivered to someone I don't know

Proof of delivery

Select an option or type here to continue    ➤

This assistant uses AI. By chatting, you consent to the chats being    X
recorded, used, and shared by us and our service providers
according to our Privacy Notice and Cookies Policy.

Privacy • Terms



1/3

**Stay Safe – Avoid Fraud and Scams**

Received a text, call, or email that seems suspicious? Don't respond to it.

Tips to Avoid Fraud



## Support ^

Help and Support Center

Tracking Support

Where's My Package

Shipping Guides and Resources

International Shipping Guides

Communication Preferences

## UPS Sites ^

About UPS ↗

UPS Jobs ↗

UPS Healthcare

UPS Supply Chain Solutions

The UPS Store ↗

UPS Developer Portal ↗

## UPS Companies ^

Happy Returns

Roadie

InsureShield Shipping Insurance®

Parcel Pro®

Delivery Solutions ↗

## Connect with Us

Facebook ↗

X ↗

Instagram ↗

LinkedIn ↗

YouTube ↗

## Legal

Global Home

Protect Against Fraud

Terms and Conditions

Website Terms of Use

**UPS Assistant**

3:58 PM

I'm the UPS Virtual Assistant.

I see you tracked 1ZE0795724996337791. These topics may help or type a question:

*This assistant uses AI. By chatting, you consent to the chats being recorded, used, and shared by us and our service providers according to our Privacy Notice and Cookies Policy.*

2/3



Your California Privacy Rights

Privacy Notice

Cookie Settings

Do Not Sell or Share My Personal Information

Copyright ©1994-2026 United Parcel Service of America, Inc. All rights reserved.



**UPS Assistant**

3:58 PM

I'm the UPS Virtual Assistant.

I see you tracked 1ZE079572499637791.
These topics may help or type a question:

*This assistant uses AI. By chatting, you consent to the chats being recorded, used, and shared by us and our service providers according to our Privacy Notice and Cookies Policy.*

**EXHIBIT TWO**




# JOSEPH VACCARO

Attorney – At – Law

*REPRESENTING CLIENTS IN*
*NJ & PA MATTERS*

Direct Dial / Text:  215 – 527 – 0887

E-MAIL:  VACCAROESQ66@GMAIL.COM

*New Jersey Office:*

541 E. LANDIS AVENUE
VINELAND, NJ  08360

*Kindly Send All Correspondences*
*to the Vineland Address,*
*via E-Mail, or via Text Message*

*Pennsylvania Office:*

3000 No. 06TH STREET
PHILADELPHIA, PA  19133

JANUARY 16, 2026

**VIA    ELECTRONIC MAIL TO GABRIELLE.MAGEE@USDA.GOV**

ATTN:  GABRIELLE MAGEE
USDA, FOOD AND NUTRITION SERVICE
SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAM

**Re:    REPLY TO THE USDA's CORRESPONDENCE DATED 01/05/2026
        PURSUANT TO USDA/SNAP REGULATIONS
        REQUEST FOR CONSIDERATION FOR CIVIL MONETARY PENALTY**

**MY CLIENT:        OSCAR ROSADO PAYANO
                    ROSADO MINI MARKET # 1**

**LOCATION:        5458 WHITBY AVENUE
                    PHILADELPHIA, PA  19143-4136**

Dear Ms. Magee:

Good day.  My name is Joseph Vaccaro; and I am the attorney for Oscar Rosado Payano / Rosado Mini Market # 1, the firm or participant in your Program which has been accused of violating regulations of the SNAP Program, per Mr. Hobbs' correspondence dated January 05, 2026, which was delivered on January 09, 2026.  See attached proof of delivery from UPS.

I am respectfully submitting this Reply pursuant to the SNAP Regulations, as well as all other relevant and appropriate statutes, regulations, case law, and rules (nunc pro tunc as may be applicable) of the Program's decision to disqualify my client from the Program for a period of six (6) months, and alternatively a Request for Consideration for a Civil Monetary Penalty.

By way of background, Mr. Hobbs, the Section Chief, Office of Retailer Operations and Compliance of the USDA, Food and Nutrition Service, Supplemental Nutrition Assistance Program sent a letter to Mr. Rosado Payano / Rosado Mini Market # 1, dated January 05, 2026.

GABRIELLE MAGEE                                              JANUARY 16, 2026
USDA, FNS, SNAP                                             *PAGE TWO*

That letter states, inter alia, that the store accepted SNAP benefits for ineligible items; and consequently, the store would be disqualified from the program for a period of six months. That letter also contained several documents titled, "Investigative Transaction Reports," which contained uncorroborated and unsubstantiated allegations against the store. The witness(es) making these allegations against the Appellant were not subject to cross examination. Furthermore, the government has not presented any receipts of the purported transactions.

Accordingly, we respectfully request a full evidentiary hearing, as a lack of hearing wherein the government would present its evidence before a neutral trier of fact, a lack of hearing wherein the government's witnesses would have been subject to cross-examination, etc… has violated my client's substantive and procedural due process rights afforded by the United States Constitution, and other relevant authorities.

Additionally, we are respectfully raising the following issues for consideration & review:

1. The factual allegations made against my client do not meet the relevant definition(s) or criteria;

2. The Investigator(s) has a bias, as a Contractor for the Food & Nutrition Service; &

3. The Investigator(s) have engaged in entrapment and/or other inappropriate conduct.

On the basis of these allegations, the Program has unilaterally determined to impose a very severe sanction: a six month disqualification. We respectfully submit that this is excessive, unusual, arbitrary, and capricious.

Enclosed herein please find a Designation of Attorney & Authorization to Release Information, along with a petition of support signed by the store's neighbors (customers).

Further supporting information will be submitted in writing at a later date, as our investigation is ongoing.

We look forward to a mutually agreeable resolution of these claims. Thank you in advance for your time and kind courtesies in this important matter.

Respectfully,

*Joseph Vaccaro*

JOSEPH VACCARO

1/16/26, 1:47 PM    Gmail - Reply to Initial Charge Letter / OSCAR ROSADO PAYANO / ROSADO MINI MARKET # 1 / 5458 WHITBY AVENUE, PHILA…

Case 2:26-cv-01456 Document 1 Filed 03/06/26 Page 36 of 67

 Gmail

joseph vaccaro &lt;vaccaroesq66@gmail.com&gt;

## Reply to Initial Charge Letter / OSCAR ROSADO PAYANO / ROSADO MINI MARKET # 1 / 5458 WHITBY AVENUE, PHILADELPHIA, PA 19143-4136

1 message

**joseph vaccaro** &lt;vaccaroesq66@gmail.com&gt;                    Fri, Jan 16, 2026 at 1:44 PM
To: GABRIELLE.MAGEE@usda.gov
Bcc: "rossyrodriguez0885@gmail.com" &lt;rossyrodriguez0885@gmail.com&gt;, joseph vaccaro &lt;vaccaroesq66@gmail.com&gt;

*Representing Clients in New Jersey & Pennsylvania Matters*


Direct Dial / Text Message:  (215) 527 – 0887


Offices:  541 E. LANDIS AVENUE   &   3000 No. 06TH STREET

            VINELAND, NJ  08360          PHILADELPHIA, PA  19133


*Please Mail All Items to the Vineland, NJ Office.  Thank you.*

———————————————————————————


Dear Ms. Magee:


Good Afternoon.  Hope you are well.  My name is Joseph Vaccaro; and I have been retained by the store, Rosado Mini Market # 1 / Oscar Rosado Payano.


Attached hereto, please find the following:


1.  Letter of Representation / Reply to Initial Charge Letter, dated January 05, 2026;

2.  UPS' confirmation that the Initial Charge Letter was delivered on January 09, 2026;

3.  Designation of Attorney / Authorization to Release Information; &

4.  Petition of Support signed by the store's neighbors (customers).


Please confirm receipt of this correspondence in writing, and kindly contact me at your earliest opportunity, so that we may try to amicably resolve this matter.

1/16/26, 1:47 PM          Gmail - Reply to Hotel Charge Letter Document 1 - DISCARDO PAYNE / ROSADO PAYNE MINI MARKET - 37 of 56 WHITBY AVENUE, PHILA...

Case 2:26-cv-01456   Document 1   Filed 03/06/26   Page 37 of 56

Thank you for your time & kind courtesies.


Respectfully,

<u>Joseph Vaccaro</u>

JOSEPH VACCARO, Esq.


CONFIDENTIALITY NOTICE -- This email is intended only for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged and/or exempt from disclosure under applicable law.  If you have received this message in error, please notify the sender of the error and delete the message.


This message (including any attachments) may contain confidential, proprietary, privileged and/or private information.  The information is intended to be for the use of the individual or entity designated above.  If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments.  Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.


Thank you.


**<u>IRS CIRCULAR 230 NOTICE --</u>** Unless the above message expressly provides that the statements contained therein and in any attachments thereto ("the statements") are intended to constitute written tax advice, the sender intends by the above statements to communicate general information for discussion purposes only, and you should not, therefore, interpret the statements to be written tax advice or rely on the statements for any purpose.  The sender will conclude that you have understood and acknowledged this important cautionary notice unless you communicate to the sender any questions you may have in a direct electronic reply to this message.

**4 attachments**

 **designation of attorney form.pdf**
68K

 **NEIGHBORHOOD PETITION.pdf**
171K



**1ZE079572499637791 DELIVERED 01-09-2026.pdf**
429K

**REPLY TO CHARGE LETTER OF 01-05-2026.pdf**
199K

**EXHIBIT THREE**



## OSCAR ROSADO PAYANO / ROSADO MINI MARKET # 1 / 5458 WHITBY AVENUE, PHILADELPHIA, PA 19143-4136

4 messages

**joseph vaccaro** <vaccaroesq66@gmail.com>           Fri, Jan 16, 2026 at 1:36 PM
To: GABRIELLE.MAGEE@usda.gov
Bcc: "rossyrodriguez0885@gmail.com" <rossyrodriguez0885@gmail.com>

*Representing Clients in New Jersey & Pennsylvania Matters*


Direct Dial / Text Message:  (215) 527 – 0887


Offices:  541 E. LANDIS AVENUE   &   3000 No. 06TH STREET

           VINELAND, NJ  08360          PHILADELPHIA, PA  19133


*Please Mail All Items to the Vineland, NJ Office.  Thank you.*

———————————————————————————


Dear Ms. Magee:


Good Afternoon.  Hope you are well.  My name is Joseph Vaccaro; and I have been retained by the store, Rosado Mini Market # 1 / Oscar Rosado Payano.


Attached hereto, please find the following:


1.Letter of Representation / Reply to Initial Charge Letter, dated January 05, 2026;

UPS' confirmation that the Initial Charge Letter


If you have any questions or concerns, do not hesitate to contact me.


Thank you for your time & kind courtesies.

Respectfully,

Joseph Vaccaro

JOSEPH VACCARO, Esq.


CONFIDENTIALITY NOTICE -- This email is intended only for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged and/or exempt from disclosure under applicable law. If you have received this message in error, please notify the sender of the error and delete the message.


This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.


Thank you.


**IRS CIRCULAR 230 NOTICE --** Unless the above message expressly provides that the statements contained therein and in any attachments thereto ("the statements") are intended to constitute written tax advice, the sender intends by the above statements to communicate general information for discussion purposes only, and you should not, therefore, interpret the statements to be written tax advice or rely on the statements for any purpose. The sender will conclude that you have understood and acknowledged this important cautionary notice unless you communicate to the sender any questions you may have in a direct electronic reply to this message.

---

Magee, Gabrielle - FNS <Gabrielle.Magee@usda.gov>                    Tue, Jan 20, 2026 at 9:08 AM
To: joseph vaccaro <vaccaroesq66@gmail.com>


Good morning,


I have received your message but did not receive the attachments.

Thank you and have a great day!

V/r,

Gabrielle "Gabby" Magee, Program Specialist

USDA, FNS, Office of Retailer Operations and Compliance

Retailer Compliance Division

Investigative Analysis Branch

713-887-4958

Gabrielle.Magee@usda.gov



---

**From:** joseph vaccaro <vaccaroesq66@gmail.com>
**Sent:** Friday, January 16, 2026 12:37 PM
**To:** Magee, Gabrielle - FNS <Gabrielle.Magee@usda.gov>
**Subject:** [External Email]OSCAR ROSADO PAYANO / ROSADO MINI MARKET # 1 / 5458 WHITBY AVENUE, PHILADELPHIA, PA 19143-4136

---

You don't often get email from vaccaroesq66@gmail.com. Learn why this is important

[External Email]
If this message comes from an **unexpected sender** or references a **vague/unexpected topic;**
Use caution before clicking links or opening attachments.
Please send any concerns or suspicious messages to: Spam.Abuse@usda.gov

*Representing Clients in New Jersey & Pennsylvania Matters*

Direct Dial / Text Message:  (215) 527 – 0887

Offices:  541 E. LANDIS AVENUE   &   3000 No. 06TH STREET

VINELAND, NJ  08360        PHILADELPHIA, PA  19133

*Please Mail All Items to the Vineland, NJ Office.  Thank you.*

---

Dear Ms. Magee:

Good Afternoon.  Hope you are well.  My name is Joseph Vaccaro; and I have been retained by the store, Rosado Mini Market # 1 / Oscar Rosado Payano.

Attached hereto, please find the following:

1.Letter of Representation / Reply to Initial Charge Letter, dated January 05, 2026;

UPS' confirmation that the Initial Charge Letter

If you have any questions or concerns, do not hesitate to contact me.

Thank you for your time & kind courtesies.

Respectfully,

Joseph Vaccaro

JOSEPH VACCARO, Esq.

CONFIDENTIALITY NOTICE -- This email is intended only for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged and/or exempt from disclosure under applicable law.  If you have received this message in error, please notify the sender of the error and delete the message.

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information.  The information is intended to be for the use of

the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.


Thank you.


**IRS CIRCULAR 230 NOTICE --** Unless the above message expressly provides that the statements contained therein and in any attachments thereto ("the statements") are intended to constitute written tax advice, the sender intends by the above statements to communicate general information for discussion purposes only, and you should not, therefore, interpret the statements to be written tax advice or rely on the statements for any purpose. The sender will conclude that you have understood and acknowledged this important cautionary notice unless you communicate to the sender any questions you may have in a direct electronic reply to this message.



This electronic message contains information generated by the USDA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and delete the email immediately.

---

joseph vaccaro <vaccaroesq66@gmail.com>                    Tue, Jan 20, 2026 at 10:36 AM
To: "Magee, Gabrielle - FNS" <Gabrielle.Magee@usda.gov>

Good Morning

Thank you for your recent reply.

Can you please confirm receipt of the three attachments?

Respectfully,

~ JV

3 attachments

REPLY TO CHARGE LETTER OF 01-05-2026.pdf
199K

designation of attorney form.pdf
68K

NEIGHBORHOOD PETITION.pdf
171K

---

**Magee, Gabrielle - FNS** <Gabrielle.Magee@usda.gov>                    Tue, Jan 20, 2026 at 11:55 AM

OSCAR ROSADO PAYANO / ROSADO MINI MARKET # 1 / 5458 WHITBY AVENUE, PHILADELPHIA, PA 19143-4136

To: joseph vaccaro <vaccaroesq66@gmail.com>

Good morning,

I have received and can open all three attachments, thank you!

Thank you and have a great day!

V/r,

Gabrielle "Gabby" Magee, Program Specialist

USDA, FNS, Office of Retailer Operations and Compliance

Retailer Compliance Division

Investigative Analysis Branch

713-887-4958

Gabrielle.Magee@usda.gov



---

**From:** joseph vaccaro <vaccaroesq66@gmail.com>
**Sent:** Tuesday, January 20, 2026 9:37 AM
**To:** Magee, Gabrielle - FNS <Gabrielle.Magee@usda.gov>
**Subject:** Re: [External Email]OSCAR ROSADO PAYANO / ROSADO MINI MARKET # 1 / 5458 WHITBY AVENUE, PHILADELPHIA, PA 19143-4136

You don't often get email from vaccaroesq66@gmail.com. Learn why this is important

# Good Morning

# Thank you for your recent reply.

# Can you please confirm receipt of the three attachments?

Respectfully,


~ JV


This electronic message contains information generated by the USDA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and delete the email immediately.

**EXHIBIT FOUR**

February 03, 2026

 **United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

Joseph Vaccaro, Esq.
541 E Landis Avenue
Vineland, NJ 08360

RE: Rosado Mini Market #1
5458 Whitby Ave
Philadelphia, PA 19143-4136

Re: Charge Letter Dated January 05, 2026

Dear SNAP Retailer:

After consideration of all available information and evidence related to the Supplemental Nutrition Assistance Program (SNAP) violations cited in the charge letter noted above, the Food and Nutrition Service (FNS) determined that the violations occurred at your store.

The information and evidence FNS considered included your reply or replies dated: January 16, 2026

The penalty is as follows:

| | |
|---|---|
| **Disqualification Period:** | **6 months** |
| Effective Date: | 10 days from the date this letter was delivered. |
| Regulatory Authority: | 7 CFR 278.6(e)(5). |

You must stop accepting SNAP benefits by the effective date unless you submit a timely request for administrative review of the decision.

If you do not request administrative review and you continue accepting SNAP benefits at this store location after the effective date, you may be fined for redeeming SNAP benefits without authorization under SNAP regulation 7 CFR 278.6(m).

After the disqualification period is over, you must reapply for SNAP authorization if you want to participate in SNAP again at this store location. You may submit an application as early as 10 days before the disqualification period ends in accordance with SNAP regulations 7 CFR 278.6(a).

If your store was disqualified for more than six (6) months, you will also need to submit a collateral bond or irrevocable letter of credit in order to reenter the program. See the enclosed guide, "Collateral Bond or Irrevocable Letter of Credit Requirement."

**Requesting Administrative Review**
If you disagree with the action taken against your store, you have 10 calendar days from the date this letter was delivered to request Administrative Review of your case. Please see the enclosed

guidance, "Requesting Administrative Review" for more information.

The SNAP regulations cited in this letter also apply to transactions involving Pandemic Electronic Benefit Transfer (P-EBT) and Summer Electronic Benefit Transfer (Summer EBT) benefits. Please see the enclosure for the P-EBT and Summer EBT regulations that correspond to applicable SNAP regulations.

Sincerely,

Kevin Hobbs
Section Chief
Office of Retailer Operations and Compliance
USDA, Food and Nutrition Service



**United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

# Pandemic-EBT (P-EBT) and Summer EBT
# Regulatory Crosswalk

The following crosswalk summarizes the provisions of P-EBT at 7 CFR 284.1 and Summer EBT regulations at 7 CFR 292.17 and 292.1. To determine which P-EBT and Summer EBT citations are applicable, see the SNAP regulation(s) cited in the charge letter and find them in the first column below. The left column lists the citation for each SNAP integrity regulation, the center column summarizes the effect of the provision, and the right column is a crosswalk to the parallel P-EBT and Summer EBT integrity regulations.

| 7 CFR SNAP Regulations | Summary | Corresponding 7 CFR P-EBT and Summer EBT Regulations |
|---|---|---|
| n/a | background on P-EBT and S-EBT and the functions of this section | 284.1(a) 292.17(a), 292.1(a), and 292.1(b) |
| 271.2 | definition of trafficking applies to activities described in such definition involving P-EBT and S-EBT benefits | 284.1(b)(1) 292.17(c)(1) 292.2(1) |
| 271.2 | definition of firm's practice applies to activities described in such definition involving P-EBT and S-EBT benefits | 284.1(b)(2) 292.17(a) |
| n/a | definition of involving P-EBT benefits or involve PEBT benefits means activities involving P-EBT and S-EBT benefits as well as SNAP benefits, or only P-EBT or S-EBT benefits | 284.1(b)(3) 292.17(a) |
| 278.2, 278.3, and 278.4 | requirements and restrictions on the participation of retail food stores and wholesale food concerns and the redemption of coupons apply to activities involving P-EBT and S-EBT benefits, including the restriction that P-EBT and S-EBT benefits may only be accepted by an authorized firm and only in exchange for eligible food | 284.1(c) 292.17(a) |
| 278.1 | a firm may be subject to denial or withdrawal for any violations involving P-EBT and S-EBT benefits as specified in the subparagraphs | 284.1(d) 292.17(b)(2) |

| 7 CFR SNAP Regulations | Summary | Corresponding 7 CFR P-EBT and Summer EBT Regulations |
|---|---|---|
| 278.1(b)(4) | firms with certain sanctions for violations involving P-EBT and S-EBT benefits must submit a collateral bond or irrevocable letter or credit as a condition of authorization; the calculation of the value of such collateral bonds or irrevocable letters or credit shall also include the amount of P-EBT and S-EBT redemptions | 284.1(d)(1) 292.17(b)(1) |
| 278.1(b)(3), 278.1(k)(3), 278.1(k)(6), and 278.1(l)(1)(iv) | authorization will be denied or withdrawn for activities indicating a lack of necessary business integrity and reputation, including activities involving P-EBT and S-EBT benefits | 284.1(d)(2) 292.17(b)(2) |
| 7 CFR 278.1(k)(7), 278.1(l)(1)(v), and 278.1(l)(1)(vi) | authorization will be denied or withdrawn for failure to pay fines, penalties, and claims imposed for violations involving P-EBT and S-EBT benefits | 284.1(d)(3) 292.17 (b)(3) |
| 7 CFR 278.6 | a firm may be subject to disqualification, monetary penalties, and/or fines for any violations that include activities involving P-EBT and S-EBT benefits as specified in the subparagraphs | 284.1(e) 292.17(c) |
| 278.6(e)(1)(i) and 278.6(i) | permanent disqualification or civil monetary penalty in lieu of permanent disqualification for trafficking applies to trafficking that involves PEBT and SEBT benefits | 284.1(e)(1) 292.17(c)(1) |
| 278.6(e)(1)(ii) | permanent disqualification for violations involving P-EBT and S-EBT benefits, such as the sale of ineligible items, when the firm had already been sanctioned at least twice | 284.1(e)(2) 292.17(c)(2) |
| 278.6(e)(2)(v), 278.6(e)(3)(iv), and 278.6(m) | sanctions for unauthorized acceptance apply to transactions involving P-EBT and S-EBT benefits | 284.1(e)(3) 292.17(c)(3) |
| 278.6(e)(2)(ii), 278.6(e)(2)(iii), and 278.6(e)(2)(iv) | 5-year disqualification for certain firms when collective redemptions exceed food sales in a certain time period; the amount of redemptions shall also include the amount of P-EBT and S-EBT redemptions | 284.1(e)(4) 292.17(c)(4) |

| 7 CFR SNAP Regulations | Summary | Corresponding 7 CFR P-EBT and Summer EBT Regulations |
|---|---|---|
| 278.6(e)(3)(ii) | 3-year disqualification for any of the violations described in paragraph 278.6(e)(2) when FNS had not previously advised the firm of the possibility that violations were occurring and of the possible consequences of violating the regulations, when those violations involve P-EBT and S-EBT benefits | 284.1(e)(5) 292.17(c)(5) |
| 278.6(e)(4)(ii) and 278.2(f) | 1-year disqualification for transactions involving PEBT and SEBT benefits where retailer accepted benefits in payment for items sold on credit | 284.1(e)(6) 292.17(c)(6) |
| 278.6(e)(2)(i), 278.6(e)(3)(i), 278.6(e)(4)(i), and 278.6(e)(5) | disqualifications for sale of ineligible foods applies to transactions involving P-EBT and S-EBT benefits | 284.1(e)(7) 292.17(c)(7) |
| 278.6(e)(6) | periods of disqualification imposed against firms will be doubled when such firms have been sanctioned for committing violations involving PEBT and SEBT benefits | 284.1(e)(8) 292.17(c)(8) |
| 278.6(e)(7) | warning letters shall be issued to firms when such firms commit violations involving P-EBT and S-EBT benefits, which are too limited to warrant a period of disqualification | 284.1(e)(9) 292.17(c)(9) |
| 278.6(g) | calculation of hardship and transfer of ownership civil money penalties includes consideration of the firm's average monthly redemption of P-EBT and S-EBT benefits | 284.1(e)(10) 292.17(c)(10) |
| 278.6(j) | calculation of trafficking civil money penalties includes consideration of the firm's average monthly redemption of P-EBT and S-EBT benefits | 284.1(e)(11) 292.17(c)(11) |
| 278.7 | standards regarding the determination and disposition of claims apply to claims based on PEBT and S-EBT benefits | |
| 279 | firms aggrieved by administrative action under §284.1(d), (e), and (f) and 292.17 (b), (c), and (f) may request administrative review in accordance with Part 279 Subpart A. Firms aggrieved by the determination of such an administrative review may seek judicial review under 5 U.S.C. §§ 702 through 706. | 284.1(g) 292.17(e) |

**USDA** **United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

## Supplemental Nutrition Assistance Program (SNAP)
# Requesting Administrative Review
SNAP regulations 7 CFR 278.6(n) and 7 CFR 279 Subpart A

1. **Deadline for Submitting Your Request: <u>10 calendar days</u>**
   If you disagree with the action taken against your store and wish to pursue administrative review, you must request a review within 10 calendar days from the date the determination letter was delivered to you.

   The request will be on time if emailed (or postmarked) by 11:59pm (in the time zone where the store is located) on the 10th calendar day. If the 10th calendar day falls on a Saturday, Sunday, or a Federal holiday, the request will be on time if it is emailed (or postmarked) on the next business day.

   The 10-day timeframe is in accordance with SNAP regulation 7 CFR 279.2(c) . There are no extensions or exceptions.

2. **Missing the deadline:**
   If you miss the deadline to request administrative review, the determination made by the Office of Retailer Operations and Compliance will be final. You will not have any further appeal rights.

3. **Send Your Request for Review by Email to: SNAP-ARB@usda.gov.\***
   The subject line of your email should say: "Administrative Review Request for Rosado Mini Market #1 - FNS Number 0511571.

4. **Include All of the Following Information in Your Email:**
   1. Store FNS number,
   2. Store name,
   3. Store physical address (location address),
   4. Store owner's name,
   5. Store owner's email address,
   6. Store owner's phone number,
   7. Summary of the reason(s) why you believe the decision on your case is incorrect and should be reviewed, and
   8. If someone (attorney, accountant, other) will be representing you in the review process, you must:
      • Sign a statement which names this individual as your representative;
      • Include your representative's name, email address, phone number, and complete mailing address: and
      • Email it with your request for review. Failure to include this signed statement may delay processing of your request.

5. **Supporting Documentation:** All information about your store's case, including any evidence you sent to the Office of Retailer Operations and Compliance, will be transferred to the Administrative and Judicial Review Branch. Do not resubmit evidence that you have already provided. Doing so may delay your review.

6. **Acknowledgement Email from the Food and Nutrition Service (FNS):** If your request for review is on time, you will receive an acknowledgement email stating that your request for review has been received, and that your case will be assigned to an administrative review officer as soon as possible. Please do not send any additional materials until your case has been assigned to a review officer.

   Once FNS sends you the acknowledgement email, the Administrative and Judicial Review Branch will be your new point of contact. Your contact in the Office of Retailer Operations and Compliance will not be able to answer questions about your case.

7. **Assignment of an Administrative Review Officer:** When an administrative review officer is assigned to your case, you will receive an email with a letter which will provide you with the review officer's name and contact information. Your assigned review officer will be your point of contact during the review process.

   If you have any additional documentation or evidence to support your case, you should send it by email to your assigned review officer.

8. **Monetary Penalties:** If you request a review on time, do not pay any monetary penalties and do not submit a bond or LOC, if applicable, until a decision is made on your case.

9. **Final Agency Decision:** After the administrative review is completed, you will receive a Final Agency Decision document that explains the outcome of the administrative review. The review officer assigned to your case will do one of the following:

   • Modify the action that was taken - If the decision is modified, the review officer will provide information on any change to the penalty or amount of a monetary fine;
   • Overturn/reverse the action that was taken - If the decision is overturned/reversed, your store will be allowed to continue or to resume accepting SNAP benefits. Also, you will not need to pay any civil money penalties or fiscal claims for the case; or
   • Sustain/uphold the action that was taken - If the decision is sustained/upheld, the review officer determined that the decision made by the Office of Retailer Operations and Compliance was correct.

\*You may send your request for review by regular mail; however, doing so may delay processing. If you opt to submit your request by mail, send it to: Chief, Administrative and Judicial Review Branch, Food and Nutrition Service - USDA, 1320 Braddock Place, 5th Floor, Alexandria, Virginia 22314. You must include all the information listed in paragraph #4 above. It is not necessary to send the same information by both email and mail. Doing so may delay your review. FNS does not accept requests for review over the phone.

**USDA**  **United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

## Supplemental Nutrition Assistance Program (SNAP)
# Collateral Bond or Irrevocable Letter of Credit Requirement for Certain SNAP Retailers
SNAP regulation 7 CFR 278.1(b)(4)

## What are Collateral Bonds and Irrevocable Letters of Credit?
A collateral bond (bond) or irrevocable letter of credit (LOC) guarantees that the Food and Nutrition Service (FNS) will be able to collect the funds necessary to satisfy any fiscal claim established against your store if FNS determines that SNAP violations have occurred at your store again. Either document (bond or LOC) can be submitted for this purpose. A bond is issued by a state recognized bonding agency, such as an insurance company. An LOC is issued by a commercial bank.

## Which Retailers Must Submit a Bond or LOC?
Owners of stores where SNAP violations have occurred must submit a collateral bond or LOC in order for that store to continue participating in SNAP. FNS requires a bond or LOC from a store that has been:

- Disqualified from SNAP for more than six months;
- Imposed a civil money penalty (CMP) instead of a disqualification period of more than 6 months; or
- Sanctioned in SNAP more than once under the same ownership, regardless of the length of the sanction.

## How Does FNS Determine the Amount of the Bond or LOC?
The bond or LOC must be worth $1,000 or 10% of your store's average monthly SNAP redemptions over the past 12 months, whichever is greater. See SNAP regulation 7 CFR 278.1(b)(4)(i)(D).

## Where Do I Send the Bond or LOC?
Mail the original bond or LOC (not a copy) to:

> Retailer Service Center
> Food and Nutrition Service - USDA
> PO Box 7228
> Falls Church, VA 22040

**NOTE:** Only the US Postal Service can deliver to this address.

## What Are the Requirements for the Bond or LOC?
The bond or LOC must:

- Be made payable to the Food and Nutrition Service, USDA.
- Include the store name, owner(s) name(s), store address and FNS number.

- Have a face value in the amount indicated in the sanction determination letter from FNS.
- Contain the sentence:
  "This instrument guarantees the ability of the Food and Nutrition Service, USDA, to collect payment of any fiscal claim assessed by the agency against the aforementioned firm as a result of the firm's participation in the Supplemental Nutrition Assistance Program."
- Not be cancelled for non-payment.
- Be valid for 5 years.


## What Happens After I submit the Bond or LOC?

FNS holds the bond or LOC for 5 years.

- If FNS establishes a fiscal claim against your store during that time, FNS may collect the fiscal claim from the bond or LOC.
- If the bond or LOC becomes inactive or expires prior to the end of the 5-year timeframe, your store will be withdrawn from SNAP until you submit a new bond or LOC to FNS.
- If you or FNS withdraws your store from SNAP before the 5 years have passed and there is no outstanding fiscal claim on your store, the bond or LOC will be released back to you at that time.


## Do I Still Need to Pay Monetary Penalties if I Submit a Bond or LOC?

Yes. The bond or LOC requirement does not replace or reduce your obligation to pay money penalties or fiscal claims that FNS has assessed against your store.

## Sample Collateral Bond

[Issuer's Name and Address Contact Information]

[Date]

| Beneficiary:<br>Food and Nutrition Service<br>U.S. Department of Agriculture<br>PO Box 7228<br>Falls Church, VA 22040 | Applicant:<br>[Owner's name]<br>[Store name<br>Store street address<br>City state, ZIP] |
|---|---|

Collateral bond number _____

That we, as_____, principal, and _____, a corporation duly incorporated under the laws of the State of _____, as Surety, are held and firmly bound unto United States Department of Agriculture, Food and Nutrition Service, as obligee, in the penal sum of _____( ) dollars for the payment of which we hereby bind ourselves, our heirs, executors and administrators, jointly and severally by these presents.

The conditions of this bond are such that the said Principal has applied for the reauthorization, or has continued authorization, to accept Supplemental Nutrition Assistance Program (SNAP) benefits in accordance with the requirements of said obligee, and has agreed to hold obligee harmless from suffering any loss or damaged occasioned by said Principal's failing to comply with any provisions of any ordinances applicable to the work performed by said Principal.

This instrument is to ensure the ability of the Food and Nutrition Service (FNS), U.S. Department of Agriculture, to collect payment of any fiscal claim assessed by FNS against the aforementioned firm, for the firm's participation in the federal SNAP in accordance with Federal regulations at 7 CFR 278.1(b)(4).

Now therefore, if said Principal shall faithfully perform all the duties according to the requirements of the said Ordinances regulating said license, and protect said obligee from any damages as herein before stated, then this obligation shall be null and void; otherwise, to remain in full force and effect. This bond may be terminated as to future acts of the Principal upon thirty (30) days written notice by the Surety. Such written notice should clearly state "BOND TERMINATION NOTICE" and be addressed to Retailer Operations and Compliance, USDA, Food and Nutrition Service, PO Box 7228, Falls Church, VA 22040 Otherwise, this bond expires _____.

_____
Date

_____
Principal

_____
Agent

_____
Surety

**Sample Letter of Credit**

[Bank Name and Address]
[Contact Information]
[Date]

Beneficiary:
Food and Nutrition Service
U.S. Department of Agriculture
PO Box 7228
Falls Church, VA 22040

We hereby open our irrevocable standby letter of credit number [Number or code] in the United States Department of Agriculture (USDA), Food and Nutrition Service (FNS) favor for the account of [Store name], [Store street address, city, state, ZIP code] in the amount of U.S. [dollar amount] available by your draft(s) drawn on us when accompanied by: a demand for payment of the fiscal claim, issued to [Owner's Full Name], [Owner's title], [Store name], [Store street address, city, state, ZIP code], by FNS.

This instrument is to ensure the ability of USDA, FNS, to collect payment of any fiscal claim assessed by FNS against the aforementioned firm, in relation to the firm's participation in the Supplemental Nutrition Assistance Program (SNAP), in accordance with Federal regulations at 7 CFR 278.1(b)(4).

This document becomes effective _____ and expires _____.

Signed statement must be dated no later than the expiration date of this instrument.

Any draft drawn under the credit must be marked "Drawn under credit number [Number or Code] of [Financial institution name, street address, city, state, ZIP code]." This credit is subject to International Standby Practices (ISP) 98.

We hereby agree that any draft drawn under and in compliance with the terms of this credit must be duly honored on due presentation to the main office [financial institution's name, street address, city, state, ZIP code] on or before [expiration date].

[Financial Institution]


_____  _____

Authorized signature    Title

    **joseph vaccaro <vaccaroesq66@gmail.com>**

---

# Official USDA Correspondence - Rosado Mini Market #1
1 message

---

**Magee, Gabrielle - FNS** <Gabrielle.Magee@usda.gov>                    Wed, Feb 4, 2026 at 11:59 AM
To: "vaccaroesq66@gmail.com" <vaccaroesq66@gmail.com>
Cc: "Magee, Gabrielle - FNS" <Gabrielle.Magee@usda.gov>

Good morning,


Please see attached for the official correspondence regarding the subject store. If you have any additional
questions or concerns, please feel free to reach me at this email address. Thank you!




Thank you and have a great day!



V/r,



Gabrielle "Gabby" Magee, Program Specialist
USDA, FNS, Office of Retailer Operations and Compliance
Retailer Compliance Division

Investigative Analysis Branch
713-887-4958
Gabrielle.Magee@usda.gov





This electronic message contains information generated by the USDA solely for the intended recipients. Any unauthorized
interception of this message or the use or disclosure of the information it contains may violate the law and subject the
violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and
delete the email immediately.

---

 **Rosado Mini Market 1 DL.pdf**
229K

**EXHIBIT FIVE**

# JOSEPH VACCARO

Attorney – At – Law

*REPRESENTING CLIENTS IN
NJ & PA MATTERS*

Direct Dial / Text: 215 – 527 – 0887

E-MAIL:  VACCAROESQ66@GMAIL.COM

*New Jersey Office:*

541 E. LANDIS AVENUE
VINELAND, NJ  08360

*Kindly Send All Correspondences
to the Vineland Address,
<u>via E-Mail, or via Text Message</u>*

*Pennsylvania Office:*

3000 No. 06<sup>TH</sup> STREET
PHILADELPHIA, PA  19133

FEBRUARY 27, 2026

**VIA:   ELECTRONIC MAIL SNAP-ARB@USDA.GOV,**

CHIEF, ADMINISTRATIVE & JUDICIAL REVIEW BRANCH
FOOD AND NUTRITION SERVICE - USDA
1320 BRADDOCK PLACE, 05<sup>TH</sup> FLOOR
ALEXANDRIA, VA  22314

**Re:   ADMINISTRATIVE REVIEW REQUEST
PURSUANT TO SNAP REGULATIONS**

**REQUEST FOR CONSIDERATION FOR CIVIL MONETARY PENALTY**

**MY CLIENT:       OSCAR ROSADO PAYANO
ROSADO MINI MARKET # 1**

**LOCATION:       5458 WHITBY AVENUE
PHILADELPHIA, PA  19143-4136**

Dear Sir/Madam:

Good day.  My name is Joseph Vaccaro; and I am the attorney for the store located at the above-referenced address.  Your Program seeks to disqualify my client for six months.  My client did not receive a copy of the determination letter to date.

I am respectfully submitting this Request for Review pursuant to the SNAP Regulations, as well as all other relevant and appropriate statutes, regulations, case law, and rules, of the Program's decision to impose the six-month disqualification.

This six-month disqualification violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution along with applicable statutes & regulations.

We respectfully request a full evidentiary hearing all issues raised by the Government's allegations, actions, and omissions.  The Government's determination absent a hearing wherein my client can face its accuser, with an opportunity to cross-examine the government's accusing witness(es), has violated my client's substantive and procedural due process rights afforded by the United States Constitution and applicable statutes and regulations.

On the basis of these uncorroborated and unsubstantiated allegations, the Program has unilaterally determined to impose a drastic penalty:  we respectfully submit that this is excessive, arbitrary, and capricious.

Additionally, we respectfully submit that the Government's use of private contractor(s) and investigator(s) to engage in such conduct is improper, as the private contractor(s) and investigator(s) in question as well as in general were biased, have an incentive, and more likely than not engage in entrapment (assuming that the transactions took place as alleged, which are denied).  Furthermore, the government's actions, which led to the initial charges constitute misconduct.

Can you please confirm receipt of this correspondence in writing?

Further supporting information will be supplied, as this investigation is ongoing.

Lastly, attached hereto, please find a Designation of Attorney & Authorization to Release Information.

We look forward to a mutually agreeable resolution of these claims.  Thank you in advance for your time and kind courtesies in this important matter.


Respectfully,

*Joseph Vaccaro*

JOSEPH VACCARO, Esq.

**EXHIBIT SIX**

March 04, 2026

 **United States Department of Agriculture**
Food and Nutrition Service
Supplemental Nutrition Assistance Program

Delivery Tracking Numer: Via E-Mail

Oscar Rosado Payano
541 E Landis Avenue
Vineland, NJ 08360

RE: Rosado Mini Market #1
5458 Whitby Ave
Philadelphia, PA 19143-4136

Dear Counselor,

This is to confirm receipt of your letter, postmarked on February 27, 2026, in which you requested that this office review an administrative action asserted against your firm/client under the Supplemental Nutrition Assistance Program, by the U.S. Department of Agriculture, Food and Nutrition Service (USDA, FNS).

The review cannot be granted. The acceptance of a request for administrative review must conform to the Food and Nutrition Act ("the Act") and regulations. Section 14 of the Act (7 U.S.C. 2023) and the regulations (7 CFR 279.2(c)) specify that a request for review shall be filed with the Chief, Administrative Review Branch, USDA, FNS, 1320 Braddock Place, 5th Floor, Alexandria, Virginia 22314, within **10 days** of the date of delivery of the notice of the action for which review is requested.

The regulations further state that in computing the 10-day period, the day of delivery of the notice may not be included. The last day of the period that is computed shall be included, unless it is a Saturday, Sunday, or Federal legal holiday. In that case, the period runs until the end of the next day which is not a Saturday, Sunday, or Federal legal holiday.

As it relates to your request, FNS records indicate that the notice of the action for which review is requested was delivered on February 4, 2026. In order to have been considered timely, your request for review had to have been postmarked or filed with this office by February 17, 2026. Your request for review was postmarked on February 27, 2026, and is, therefore, untimely. Accordingly, we regret to inform you that we are unable to entertain your request.

Sincerely,

Jon Yorgason
Chief, Administrative and Judicial Review Branch
Supplemental Nutrition Assistance Program
Food and Nutrition Service, USDA
1320 Braddock Place, 5th Floor
Alexandria, VA 22314
Email: SM.FN.SNAP-ARB@usda.gov



joseph vaccaro <vaccaroesq66@gmail.com>

---

## Rosado Mini Market_C0303821_UNT Letter
2 messages

---

**SM.FN.SNAP-ARB** <SM.fn.SNAP-ARB@usda.gov>     Wed, Mar 4, 2026 at 5:59 PM
To: joseph vaccaro <vaccaroesq66@gmail.com>
Cc: "rossyrodriguez0885@gmail.com" <rossyrodriguez0885@gmail.com>

Hello,

The Administrative and Judicial Review Branch has received your request for an administrative review. However, your request was untimely and a review cannot be conducted. Please read the attached letter for additional information.

Thank you,

Administrative and Judicial Review Branch
Retailer Policy Division
Supplemental Nutrition Assistance Program



**U.S. DEPARTMENT OF AGRICULTURE**
Food and Nutrition Service
1320 Braddock Place

Alexandria, VA 22314
SM.FN.SNAP-ARB@usda.gov

This electronic message contains information generated by the USDA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and delete the email immediately.

📄 **Rosado Mini Market_C0303821_UNT Letter.pdf**
194K

---

**Rossy Rodríguez** <rossyrodriguez0885@gmail.com>     Thu, Mar 5, 2026 at 8:11 AM

To: "SM.FN.SNAP-ARB" <SM.fn.SNAP-ARB@usda.gov>
Cc: joseph vaccaro <vaccaroesq66@gmail.com>

Hello nunca recibí su carta o I Mail

[Quoted text hidden]